UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD RALEIGH,

        Petitioner,

                                          Case No. 16-13377
v.                                         Honorable Linda V. Parker

THOMAS WINN,

        Respondent.
_____/

**OPINION & ORDER DISMISSING WITHOUT PREJUDICE THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

This is a pro se habeas case brought pursuant to 28 U.S.C. § 2254. Following a jury trial in the Circuit Court for Oakland County, Michigan, Petitioner Donald Raleigh ("Petitioner") was convicted of first-degree felony murder and first-degree child abuse, in violation of Michigan Compiled Laws Sections 750.316(1)(b) and 750.136b(2), respectively. In 2013, the state trial court sentenced Petitioner as a fourth habitual offender under Michigan Compiled Laws Section 769.12 to life imprisonment without parole on the murder conviction and 75 to 125 years imprisonment on the child abuse conviction. In his application for the writ of habeas corpus, Petitioner raises the following claims in support of his

request for relief: (1) his confession was coerced/involuntary and violated his *Miranda* rights, his due process rights, his right against self-incrimination, and his equal protection rights, and its admission constituted judicial misconduct; (2) the prosecutor engaged in misconduct; and (3) trial and appellate counsel were ineffective.  For the reasons set forth below, the Court is dismissing without prejudice the petition for a writ of habeas corpus.  The Court also is denying a certificate of appealability and leave to proceed in forma pauperis on appeal.

## II.   Analysis

A prisoner filing a petition for a writ of habeas corpus under § 2254 must first exhaust all state remedies.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts.  *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*).  The claims also must be presented to the state courts as federal constitutional issues.  *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984).  In Michigan, each issue must be presented to both the Michigan

Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement.  *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  The burden is on the petitioner to prove exhaustion.  *Rust*, 17 F.3d at 160.

The record before the Court indicates that Petitioner did not raise his *Miranda* violation, judicial misconduct, prosecutorial misconduct, or ineffective assistance of appellate counsel claims on direct appeal before the Michigan Court of Appeals.  He first raised those claims before the Michigan Supreme Court.  Presenting new issues for the first time before a state supreme court on discretionary review, however, does not amount to a "fair presentation" of those claims to the state courts for exhaustion purposes.  *Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Petitioner thus has failed to properly exhaust all of his claims in the state courts before seeking federal habeas review.

Petitioner has an available avenue for relief in the state court system such that his pursuit of state court remedies would not be futile.  For example, he may file a motion for relief from judgment with the state trial court under the Michigan Court Rules and seek further review in the state appellate courts as necessary.  The unexhausted claims should be addressed to, and properly considered by, the state courts in the first instance.  Otherwise, this Court cannot apply the standard applicable to reviewing state court convictions found in § 2254.

Generally, a federal district court should dismiss a "mixed" habeas petition, that is, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Rust*, 17 F.3d at 160. A federal court has discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances," however, such as when the one-year statute of limitations applicable to federal habeas actions poses a concern and the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court, there is no evidence of intentional delay, and the unexhausted claims are not "plainly meritless." *Id*. at 277. Petitioner does not request a stay, nor does he show the need for a stay.

First, the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d) does not pose a problem for Petitioner provided he pursues his state court remedies in a prompt fashion. The Michigan Supreme Court denied Petitioner leave to appeal on September 9, 2015. *People v. Raleigh*, 868 N.W.2d 630 (Mich. 2015). The limitations period did not begin to run until 90 days later,

on or about December 8, 2015.  *See Jimenez v. Quarterman*, 555 U.S. 113, 119-20 (2009); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007); *see also* S. Ct. R. 13(1).  Petitioner dated his federal habeas petition on September 9, 2016.  Thus, nine months of the one-year period had run when Petitioner instituted this action.  While the time in which a habeas case is pending in federal court is not statutorily tolled, such time is equitably tolled by the federal habeas courts.  *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (ruling that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period); *Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004) (concluding that the time during which the petitioner's first-filed habeas petition was pending in the federal habeas court should be equitably tolled).  Petitioner thus has sufficient time-- i.e., about three months-- to seek collateral review of his unexhausted claims in the state courts and then return to federal court on a perfected petition.  Pursuant to § 2254, "[t]he time during which a properly filed application for State post-conviction or other collateral review … is pending shall not be counted toward [the limitation period]."  28 U.S.C. § 2254(d)(2).

Second, while there is no indication that Petitioner has engaged in "intentionally dilatory tactics," he neither alleges nor establishes good cause for failing to fully exhaust all of his claims in the state courts before seeking relief in

federal court.  Even if appellate counsel was ineffective during the direct appeal process, Petitioner offers no reason why he was unable to pursue his issues on collateral review in the state courts before filing his federal petition.  Lastly, at least some of Petitioner's unexhausted claims do not appear to be "plainly meritless."

Given such circumstances, a stay is unwarranted and a non-prejudicial dismissal of the petition is appropriate.

### III.   Conclusion

For the reasons stated, the Court concludes that Petitioner has not exhausted available state court remedies as to all of his habeas claims.  The Court, therefore, is dismissing his petition without prejudice.

Before Petitioner may appeal this decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a federal court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue only if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling.  *Slack v. McDaniel*, 529 U.S. 473, 484-

85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling.

Accordingly,

**IT IS ORDERED** that Petitioner's application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED WITHOUT PREJUDICE**. If Petitioner wishes to delete the unexhausted claims and proceed only on the fully exhausted claims, he may move to re-open this case and amend his petition to proceed only on the exhausted claims within 30 days of the filing date of this order. The Court makes no determination as to the merits of his claims.

**IT IS FURTHER ORDERED** that Petitioner is **DENIED** a certificate of appealability. The Court further **DENIES** Petitioner leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: December 20, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 20, 2016, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager