UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD RALEIGH, #466558,

        Petitioner,

                                  Case No. 16-13377
v.                              Honorable Linda V. Parker

THOMAS WINN,

        Respondent.
_____/

# OPINION & ORDER DISMISSING WITHOUT PREJUDICE THE AMENDED PETITION FOR A WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS

This is a pro se habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Donald Raleigh ("Petitioner") was convicted of first-degree felony murder in violation of Michigan Compiled Laws § 750.316(1)(b) and first-degree child abuse in violation of Michigan Compiled Laws § 750.136b(2), following a jury trial in the Circuit Court for Oakland County, Michigan. In 2013, the trial court sentenced Petitioner as a fourth habitual offender to life imprisonment without parole on the murder conviction and 75 to 125 years imprisonment on the child abuse conviction.

On September 13, 2016, Petitioner filed a federal habeas petition in this Court asserting the following grounds: (1) his confession was coerced/involuntary

1

and violated his *Miranda* rights, his due process rights, his right against self-incrimination, and his equal protection rights, and its admission constituted judicial misconduct, (2) the prosecutor engaged in misconduct, and (3) trial and appellate counsel were ineffective. (ECF No. 1.) On December 20, 2016, this Court dismissed the petition without prejudice for failure to fully exhaust state court remedies because Petitioner did not raise his *Miranda* violation, judicial misconduct, prosecutorial misconduct, or ineffective assistance of appellate counsel claims on direct appeal before the Michigan Court of Appeals and first raised those claims before the Michigan Supreme Court. (ECF No. 5.) The Court declined to stay the case, but indicated Petitioner could move to re-open the case within 30 days should he wish to delete the unexhausted claims and proceed only on the exhausted claims. (*Id.*) Petitioner did not do so. The Court did not otherwise retain jurisdiction over the matter and the case was closed in 2016.

The matter is now before the Court on Petitioner's recently-filed amended petition for a writ of habeas corpus. (ECF No. 6.) It appears from the amended petition that Petitioner pursued additional state court remedies to exhaust his claims. (*Id.*) Petitioner, however, cannot amend his prior habeas petition because it is no longer pending before the Court.

While a federal court generally has discretion to allow amendment of a civil complaint, *see* Fed. R. Civ. P. 15(a), such is not the case where, as here, the Court

already dismissed the case.  Under Federal Rule of Civil Procedure 15, once a judgment has been entered in a case, the filing of an amendment is not allowed unless the judgment has been set aside or vacated.  *In re Ferro Corp. Derivative Litigation*, 511 F.3d 611, 624 (6th Cir. 2008); *accord Griffey v. Lindsey*, 345 F.3d 1058, 1062 (9th Cir. 2003); *Pitts v. Champion*, 16 F. App'x 975, 977 (10th Cir. 2001); *Harris v. City of Auburn*, 27 F.3d 1284, 1287 (7th Cir. 1994).  No such action has occurred here.  The Court dismissed the original petition, closed the case, and did not retain jurisdiction over the matter.

Petitioner's proper recourse is to file a new habeas petition in accordance with the federal rules, not to reopen this closed case.  The Court is therefore dismissing without prejudice the amended petition.  The Court expresses no opinion as to the procedural or substantive merits of the petition at this time.

Before Petitioner may appeal this decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a federal court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the

court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Thus, the Court is declining to issue a certificate of appealability. The Court also is declining to grant Petitioner leave to proceed on appeal in forma pauperis because an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

Accordingly,

**IT IS ORDERED** that Petitioner's amended petition for the writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE** and this case remains **CLOSED**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability or leave to proceed in forma pauperis on appeal.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 16, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 16, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager